UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN STELMAN

    Plaintiff,

v.

Case No. 10-11539
Hon. Lawrence P. Zatkoff

PACE TOWING AND RECOVERY, LLC,
RONALD KEITH WHEELER and
SHARON WARE-WHEELER,

    Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 6, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Set Aside Clerk's Entry of Default (Docket #19). Plaintiff has not filed a response, and the time for filing a response has expired. The Court finds that the facts and legal arguments are adequately presented in the Defendants' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the papers submitted. For the reasons set forth below, Defendants' Motion to Set Aside Clerk's Entry of Default is GRANTED.

## II. BACKGROUND

Plaintiff was employed by Defendant Pace Towing and Recovery, LLC ("Pace") as a tow truck driver between July 18, 2008, and June 26, 2009. Defendants Ronald Wheeler and Sharon Ware-Wheeler are the members of Pace. On June 12, 2009, Plaintiff suffered a work-related injury and was unable to continue his employment. Plaintiff qualified for and received Workers Compensation Benefits. In addition, Plaintiff filed a nine-count complaint on April 16, 2010, and all Defendants were served on April 22, 2010. Of the nine counts in Plaintiff's complaint, the only claim based on federal law was Count I, wherein Plaintiff seeks to recover overtime pay Defendants failed allegedly to pay him during the course of his employment, as required by the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* As set forth in a May 7, 2010, Order, the Court declined to exercise supplemental jurisdiction over, and dismissed without prejudice, Counts II-IX.

On May 17, 2010, Plaintiff filed a Request for Clerk's Entry of Default against each of the three Defendants. As no answer to the complaint had been filed by any of the Defendants (their answers were due May 13, 2010), the Clerk of the Court filed a Clerk's Entry of Default against the Defendants (Docket #13) on May 17, 2010. On May 18, 2010, attorney David Merchan ("Defendants' counsel") filed: (1) his appearance on behalf of all of the Defendants, and (2) the Motion to Set Aside Default presently before the Court.

## III. LEGAL STANDARD

A party against whom a default has been entered may petition the Court to set aside the entry for "good cause." Fed. R. Civ. P. 55(c). The Court enjoys "considerable latitude . . . to grant a defendant relief from a default entry." *United States v. Bridwell's Grocery & Video*, 195 F.3d 819,

820 (6th Cir. 1999) (quoting *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). In evaluating a motion to set aside an entry of default, the Court must consider whether (1) the plaintiff will be prejudiced, (2) the defendant has a meritorious defense, and (3) culpable conduct of the defendant led to the default. *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Although the Court must consider all three factors, if the Court finds in favor of the moving party on the first two factors, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of *willful* failure of the moving party to appear and plead." *Raimondo v. Village of Armada*, 197 F. Supp. 2d 833, 837 (E.D. Mich. 2002) (citing *Shepard Claims*, 796 F.2d at 194) (emphasis added)).

## IV. ANALYSIS

In this case, the Court finds that Plaintiff would not be prejudiced if the entries of default are set aside. Defendants filed their Motion to Set Aside Clerk's Entry of Default on May 18, 2010, which only three business days after the date their answers to the complaint were due. The efficient administration of justice has been hindered little, if at all, and the delay of a few days will not have any detrimental effect on Plaintiff's ability to litigate this matter. Moreover, as discussed below, both Ronald Wheeler and Defendants' counsel left messages requesting an extension of time to file Defendants' answers for Plaintiff's counsel prior to the time the Request Clerk's Entry of Default was filed on May 17, 2010.

The Court also finds that Defendants have meritorious defenses to Plaintiff's claims. First, Ronald Wheeler and Sharon Ware-Wheeler are members of Pace. Under Michigan law, members of a limited liability company generally are exempt from liability. *See* M.C.L. § 450.4501(3). Thus,

it is unclear whether either Ronald Wheeler or Sharon Ware-Wheeler can, as a matter of law, be held liable in this case. Second, Pace maintains that Plaintiff never worked more than 40 hours in a week while employed by Pace. Defendants have attached to their Motion the payroll records they submitted in conjunction with Plaintiff's Workers Compensation Benefits claim and such records reflect that Plaintiff never worked more than 40 hours in a week while employed by Defendant.

Finally, although the entry of default, on its face, signifies that Defendants did not promptly defend this action, their representations to the Court demonstrate otherwise. Specifically, it is undisputed that:

(1) Defendants promptly contacted the Law Offices of Edward G. Taylor regarding representation of Defendants in this matter and that, on April 30, 2010, a paralegal from Mr. Taylor's office picked up the Summons and Complaint from Defendants;

(2) On Friday, May 14, 2010 (a day *after* Defendants' answers were due), Defendant Ronald Wheeler received a phone call from Mr. Taylor's paralegal, during which conversation Ronald Wheeler was told that Mr. Taylor was unable to handle the case and that Ronald Wheeler should contact Plaintiff's counsel requesting an extension of time to file the answer to the complaint;

(3) On Friday, May 14, 2010, Ronald Wheeler called Plaintiff counsel's office and identified himself, at which time he was told Plaintiff's counsel was not available;

(4) On Friday, May 14, 2010, Ronald Wheeler left Plaintiff's counsel a message requesting a short extension but never received a return call;

(5) Defendants contacted attorney Alvin Fick, but Mr. Fick informed Defendants he could not take the case and referred them to Defendants' counsel on May 17, 2010.

(6) On the morning of May 17, 2010, Defendants' counsel called Plaintiff's counsel and was told that Plaintiff's counsel was not available;

(7) Defendants' counsel left a message requesting an extension of time for filing Defendants' answer and requesting a return call;

(8) At 10:25 a.m. on May 17, 2010, Defendants' counsel also sent an e-mail to Plaintiff's counsel requesting an extension of time for filing Defendants' answer.

(9) Plaintiff's counsel did not respond to the telephone message or e-mail message from

4

Defendants' counsel but, instead, filed Requests for Entry of Default against the Defendants shortly thereafter, at 10:58 a.m., 10:59 a.m. and 11:00 a.m. on May 17, 2010; and

(10) Defendants' counsel met with Defendants later in the day on May 17, 2010, and filed Defendants' Motion to Set Aside Default on May 18, 2010.

Therefore, although Defendants failed to timely answer the complaint, the record currently before the Court reflects that it was not for their lack of diligence in defending this action. Accordingly, the Court concludes that Defendants did not willfully fail to appear and defend the case against them.

For the reasons set forth above, the Court concludes that the all of the relevant factors weigh in favor of setting aside the Clerk's Entry of Default entered against Defendants (Docket #13).

## V. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Set Aside Clerk's Entry of Default (Docket #19). Defendants are hereby ORDERED to file their Answer and Affirmative Defenses within five (5) business days of the date of this Opinion and Order.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2010

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 6, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290
