UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN STELMAN,

       Plaintiff,                                  CASE NO. 10-11539
                                                       HON. LAWRENCE P. ZATKOFF

v.

PACE TOWING AND RECOVERY, LLC,
RONALD KEITH WHEELER and
SHARON WARE-WHEELER,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 8th day of February 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Docket #34). Defendants have filed a response, to which Plaintiff replied. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion for Summary Judgment is DENIED.

**II. BACKGROUND**

Defendant Pace Towing and Recovery, LLC ("Pace"), a company owned by Defendants Ronald Wheeler ("Mr. Wheeler") and Sharon Ware-Wheeler ("Mrs. Wheeler"), employed Plaintiff as a tow truck driver from July 2008 until June 26, 2009, when Plaintiff was seriously injured on the job. Plaintiff has received workers compensation benefits as a result of the injury, and he has also filed a personal injury action in Wayne County Circuit Court (the "Wayne Circuit case"). Plaintiff has filed this action because he believes he is entitled to overtime compensation for certain of the hours he worked while employed by Pace. Plaintiff states that he worked, on average, in excess of 50 hours per week, and he has submitted a spreadsheet in support of that claim. The spreadsheet shows the hours Plaintiff claims he worked, the amount of his pay and the amount of money Plaintiff claims that he is owed, together with an affidavit that attests to the information on the spreadsheet.

At the time Plaintiff's motion was filed, no scheduling conference had been held and little, if any, discovery had been exchanged in this federal case.

### III. LEGAL STANDARD

As recently stated by the Sixth Circuit:

> Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

*Spees v. James Marine, Inc.*, 617 F.3d 380, 388 (6th Cir. 2010).

### IV. ANALYSIS

It is undisputed that Pace was the "employer" of plaintiff from July 2008 until the date of plaintiff's injury in June 2009. As such, Plaintiff's employment conditions were covered by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "Act"). Aside from exceptions not relevant here, Section 7 of the Act requires that employers pay their employees an overtime wage at "a rate not less than one and one-half times the regular rate at which [they are] employed" for hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(1).

According to the spreadsheet attached to Exhibit 1 of Plaintiff's Motion, Plaintiff claims that he is entitled to the sum of $9,180.00 (based on "the exact number of hours worked, amounts paid, and amounts owed"). Plaintiff contends that this calculation has been uncontested. Plaintiff also cites portions of the deposition testimony in the Wayne Circuit case in support of his motion, including the testimony of Floyd Lusk ("Lusk"), Plaintiff's supervisor at Pace, and Steve Rivera ("Rivera"), a dispatcher at Pace. Lusk testified that Plaintiff worked a 10 hour shift Monday through Friday and some weekends and/or holidays. Lusk also stated that the minimum number of hours Plaintiff would work in a week "would be 50." Rivera likewise testified that Plaintiff was "working 50 hours standard." In deposition testimony supplied to the Court, Mr. Wheeler and Mrs. Wheeler stated that they had no knowledge regarding the number of hours that Plaintiff worked each week.

For the foregoing reasons, Plaintiff states that, as discovery has already been taken in the Wayne Circuit case, there is no genuine issue of material fact as to the facts or applicable law. Plaintiff therefore argues that he is entitled to judgment against all Defendants.

Not surprisingly, Defendants oppose Plaintiff's motion for summary judgment, particularly as the motion was filed prior to commencement of discovery in this federal case. First, Defendants attach to their response an affidavit of Lusk. Therein, Lusk states that, for each 10 hour shift, tow

truck drivers such as Plaintiff were given one hour for lunch and four breaks of 15 minutes each to go outside and smoke. Contrary to Plaintiff's argument, those statements do not contradict Lusk's deposition testimony in the Wayne Circuit case (as set forth above). Rather, as Defendants argue, those statements likely reflect the answers Lusk would have given at his deposition in the Wayne Circuit case if questions had been posed to him regarding the amount of time drivers were allowed to take for lunch and other breaks during the work day. Lusk also states in his affidavit that the hours worked by Pace employees were flexible and that drivers (including Plaintiff) often would arrive after their shift began but would be allowed to make up the time in other shifts. That statement is consistent with testimony of Mr. Wheeler in the Wayne Circuit case, wherein Mr. Wheeler stated that his policy at Pace was, "I don't care who worked what hours. If a guy wants to take off a Monday, as long as somebody was there to cover the shifts. I let them just handle that amongst themselves." The Court finds that all of those statements create a genuine issue of material fact as to when and how much Plaintiff worked while employed by Pace.

Second, Defendants challenge Plaintiff's claims that he prepared the spreadsheet regarding his hours worked while at Pace. Defendants argue that Plaintiff's affidavit is inconsistent with Plaintiff's deposition testimony in the Wayne Circuit case, at which Plaintiff testified that he did not know who created a document that was identical to the one attached to his affidavit in this case. Third, Defendants challenge Plaintiff's claims that the actual figures on the spreadsheet are accurate. For example, Defendants have submitted to the Court the employment records that Pace submitted to the Workers Compensation Review Board in support of Plaintiff's Workers Compensation claim. Those employment records reflect that Plaintiff worked 40 hour weeks during the time he was employed at Pace. Defendants also have offered the affidavit of Mr. Wheeler, wherein he stated

4

that: "at no time prior to filing his lawsuit against me for overtime pay [did Plaintiff] complain[] that he worked overtime and was not being paid." Further, at his deposition in the Wayne Circuit case, Plaintiff was asked if he thought Pace owed him more money. Although Plaintiff answered "yes," the basis Plaintiff gave for being entitled to more money was that drivers had gotten their pay cut for a period of time.

Based on the testimony and evidence submitted by Defendants, the Court concludes that a reasonable fact finder could determine that Plaintiff did not work overtime while at Pace. Of course, determinations regarding the credibility of witnesses and the weight to give to such evidence (including the testimony of persons such as Plaintiff, Lusk and Mr. Wheeler) is within the province of the fact finder; it is not for the Court to decide as a matter of law on a motion for summary judgment. Therefore, for the reasons discussed herein, the Court concludes that Defendants have raised material questions of fact concerning the number of hours worked by Plaintiff and his eligibility for overtime pay as the result of his employment by Pace. Accordingly, the Court denies Plaintiff's Motion for Summary Judgment.

### V. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Summary Judgment (Docket #34) is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: February 8, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 8, 2011.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290